UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOHN STAGGERS, JR, | ) | Civil Action No.: 4:13-cv-0057-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| FLORENCE COUNTY SHERIFF'S | ) | **REPORT AND RECOMMENDATION** |
| OFFICE, OFFICER L. PATTON, | ) | |
| OFFICER T. SINGLETARY, SERGEANT | ) | |
| ELI, SERGEANT JAMESON, OFFICER | ) | |
| McGILL, NURSE McDOUGALY, | ) | |
| OFFICER AUDREY THOMAS, OFFICER | ) | |
| BARR, OFFICER PERNELL, OFFICER | ) | |
| REED, OFFICER EADDY, OFFICER | ) | |
| WOLF and OFFICER MILES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.    **INTRODUCTION**

In this action, Plaintiff alleges a 42 U.S.C. § 1983 cause of action for deliberate indifference to his serious medical needs in violation of his constitutional rights as well as a state law gross negligence claim. Presently before the Court is Defendants' Motion for Summary Judgment (Document # 27). After Defendants filed their Motion, but prior to counsel for Plaintiff filing a Response, Plaintiff on his own filed a Letter (Document # 23) asking for an update on his case because he had not heard anything from his counsel. Soon after, he filed a Motion to Terminate Counsel (Document # 26). Counsel for Plaintiff then filed an untimely Response (Document # 27) in opposition to the Motion for Summary Judgment as well as a Response (Document # 28) in support of Plaintiff's Motion to Terminate Counsel. The Motion to Terminate was granted and Plaintiff was given an extension of time to respond to the Motion for Summary Judgment in the event he wished to supplement the Response filed by his former counsel. Plaintiff filed a Response (Document # 36) indicating that a Response had already been filed. A Notice of Appearance was

filed by new counsel on behalf of Plaintiff on March 31, 2014.

In the original Response (Document # 27) filed by counsel, Plaintiff dismissed his claims for negligent supervision and negligent training and all claims against Defendants Officer T. Singletary, Sergeant Jameson, Officer Audrey Thomas, Officer Barr, Officer Pernell, Officer Reed, Officer Eaddy, Officer Wolf and Officer Miles. Plaintiff did not object to this voluntary dismissal in his subsequent, pro se Response. Thus, dismissal of these Defendants and claims is appropriate.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), DSC. Because Defendants' Motion is dispositive, this Report and Recommendation is filed for review by the district judge.

## II.    FACTS

Plaintiff was a pretrial detainee at the Florence County Detention Center (FCDC) from June 9, 2011, until June 30, 2011, when he was transferred into the custody of the South Carolina Department of Corrections. Pl. Dep. 38 (Ex. 1 to Pl. Response). When Plaintiff first reported to FCDC on June 9, 2011, he was screened by a booking officer who inquired into Plaintiff's medical history for classification purposes. Brunson Aff. ¶ 6 (Ex. A to Def. Motion); Medical Questionnaire (Ex. A to Brunson Aff.). During this screening, Plaintiff indicated his left leg was still injured from when he broke it in July of 2010 and that he had diabetes. Brunson Aff. ¶ 6; Medical Questionnaire; Pl. Dep. 34-35; 38-40. Joyce Brunson, Captain at FCDC, avers that the records reveal only that Plaintiff noted he had broken his left leg in July of 2010, not that his leg had not healed from that injury. Brunson Aff. ¶ 12. Plaintiff avers that he requested a first floor cell and a bottom bunk as a result. Pl. Dep. 46-49. Brunson avers that there is no record of Plaintiff requesting a first floor cell or bottom bunk. Brunson Aff. ¶¶ 8, 12. It is undisputed that all first floor cells were occupied and at full capacity so Plaintiff was placed in C Pod, Cell C216, a second tier cell. Brunson Aff. ¶ 7.

Plaintiff completed an inmate medical request on June 13, 2011, seeking a medical evaluation due to a rash and pain in his leg. McDougal Aff. ¶ 7 (Ex. B to Def. Motion); Inmate Medical Request (Ex. C to McDougal Aff.). He was seen by Defendant Nurse McDougal the next day, who noted that his left leg was injured in July of 2010. McDougal Aff. ¶ 8; Medical Assessment (Ex. D to McDougal Aff.). Plaintiff testifies that he specifically asked the nurse to be moved to a bottom tier cell. Pl. Dep. 72. McDougal avers that he never expressed a problem with his second tier cell or requested a bottom tier cell during this evaluation. McDougal Aff. ¶ 8. Plaintiff avers that he also talked to other officers about wanting to move to a bottom tier cell and they told him that decision had to be made by someone in the "front." Pl. Dep. 71. He testifies that he spoke with "the lady who was moving people around from C Pod, D Pod, whatever" and she told him she was sorry he was in pain but she did not have any rooms available. Pl. Dep. 71.

On June 15, 2011, Plaintiff fell down the stairs while carrying a breakfast tray. Pl. Dep. 60, 62-68. He was transported from FCDC to the McLeod Emergency Department for further evaluation. McDougal Aff. ¶ 10; McLeod Emergency Department Medical Chart (Ex. F to McDougal Aff.). The Emergency Department staff observed Plaintiff as having a normal gait, no deformity, no swelling, no tenderness, a steady movement of extremities and that he was able to move all extremities without difficulty. McDougal Aff. ¶ 11; McLeod Emergency Department Medical Chart (Ex. G to McDougal Aff.). X-rays were taken of Plaintiff's lumbar spine and left leg while he was there and the radiologist noted no change in Plaintiff's condition from prior x-rays that had been taken in October of 2010. McDougal Aff. ¶ 12; Radiology Report (Ex. H to McDougal Aff.). Plaintiff was prescribed Flexeril and Motrin and discharged the same day. McDougal Aff. ¶ 13; McLeod Emergency Department Medical Chart (Ex. I to McDougal Aff.). Upon his return to FCDC, Plaintiff was moved to a lower tier cell. Brunson Aff. ¶ 11.

## III.    STANDARD OF REVIEW

-3-

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir.

1993); Local Rules 7.04, 7.05, D.S.C.

## IV.    DISCUSSION

### A.     42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff characterizes this case as one involving Defendants' deliberate indifference to his serious medical needs. The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment-deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir.1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir.1990) (citing Martin v. Gentile, 849 F.2d 863, 871 (4th Cir.1988)). In order to state a claim, "[a] plaintiff must satisfy two elements ...: he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." Sires v. Berman, 834 F.2d 9, 12 (1st Cir.1987). Unless medical

-5-

needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); . Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986).

Plaintiff fails to make the requisite showing that Defendants were deliberately indifferent to a serious medical need. First, Plaintiff fails to show he had a serious medical need. A "medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (quotations omitted). There is no indication in the record that Plaintiff made Defendants aware of any medical condition that had been diagnosed by a physician that mandated any particular treatment. The record shows only that Plaintiff informed officers during intake that he broke his left leg in 2010, that he was in pain, and that he requested to be in a first floor cell. Furthermore, Plaintiff exhibited no obvious signs that he was in need of a doctor's attention. Plaintiff did not arrive at FCDC with a cane or any other medical device to assist with mobility. Brunson Aff. ¶ 6.

Furthermore, Plaintiff fails to point to any medical documentation requiring that he be in a first floor cell or restricting him from climbing stairs. He presents no evidence that he required a bottom tier cell, only that he preferred a bottom tier cell because it was painful to climb the stairs. Pl. Dep. 47 ("The only thing I told them I'm going to need–again, I needed a bottom cell, and a bottom bunk, because of my injury. The climbing up and downstairs, every time you work it it hurts."); 71 ("the lady who was moving people around from C Pod . . . said, I'm sorry, Mr. Staggers. You're in pain. We just don't have any rooms available."); 76 ("But the conversation came up about the leg, and I told [the lady in classifications], I said, man, I was hurting."); 80 ("When [the officers] come about, my thing was, I'm trying to quit going up and down the stairs. I'm hurting. I'm in

pain."). The evidence in the record is insufficient to show that Plaintiff was suffering from a serious medical condition that required certain treatment from the time he arrived at FCDC until his fall on June 15, 2011.

In addition, when requested, Plaintiff did receive medical attention. As noted above, Plaintiff completed an inmate medical request on June 13, 2011, seeking a medical evaluation due to a rash and pain in his leg. He was seen by Defendant Nurse McDougal the next day, who noted that his left leg was injured in July of 2010. Plaintiff testifies that he specifically asked the nurse to be moved to a bottom tier cell. Pl. Dep. 72. However, that Plaintiff did not receive the medical treatment of his choice, an assignment to a bottom tier cell, is insufficient to show that Defendants were deliberately indifferent to a serious medical need. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988). Prison officials implement the type and amount of medical treatment at their discretion. See Allah v. Hayman, 442 F. App'x 632, 635 (3d Cir.2011) (holding that deliberate indifference standard "requires much more" than taking issue with the "amount and kind of medical care" an inmate received); Johnson v. Doughty, 433 F.3d 1001, 1014 (7th Cir.2006) (finding that a prison doctor who prescribed non-surgical means of treating an inmate's hernia was not deliberately indifferent to the inmate's medical needs where the doctor formed a professional opinion, other doctors agreed, and the inmate continued to have associated abdominal pain); Faison v. Rosado, 129 F. A pp'x 490, 492 (11th Cir.2005) (noting that although a prisoner "might not agree with the method of treatment provided, matters of medical judgment do not give rise to a § 1983 claim"). Thus, Plaintiff fails to show that Defendants were deliberately indifferent to a serious medical need.[1]

_____

[1] Although he alleges in his Complaint that Defendants failed to provide proper medical treatment once Plaintiff returned from the hospital after his fall, Plaintiff fails to present any facts to

To the extent Plaintiff claims that Defendants were deliberately indifferent to his safety, such a claim fails as well.  Plaintiff must show that Defendants "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm."  Ruefly v. Landon, 825 F.2d 792, 793 (4th Cir.1987).  To be deliberately indifferent, the officer "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

Plaintiff fails to show that Defendants were aware of a substantial risk of harm.  Viewing the evidence in the light most favorable to Plaintiff, he spoke to several officers and requested a cell on the bottom tier several times.  However, the only reason he requested a bottom cell was because it was painful for him to walk up and down the stairs.  There is no evidence that any of the Defendants were aware that Plaintiff was at risk for falling down the stairs if he was assigned to a second tier cell.  When Plaintiff arrived at FCDC, he was not using a cane or any other assistive device to walk nor was he wearing a cast.  Pl. Dep. 40-41; Brunson Aff. ¶ 6.  For the six days he was at FCFC before his fall, Plaintiff was able to navigate the stairs without incident, albeit in pain.  Pl. Dep. 60.  The fact that it was painful for Plaintiff to walk up and down the stairs itself is insufficient to show that he was at a substantial risk for harm or that Defendants knew of and appreciated that risk.   Therefore, Plaintiff also fails to present sufficient evidence to create an issue of fact as to whether  Defendants were deliberately indifferent to a significant risk of harm.  Accordingly, summary judgment is appropriate on Plaintiff's claim or claims under § 1983.

### B.     State Law Claim

Plaintiff also asserts a state law cause of action for gross negligence.  However, if the district

---

this end.  Complaint ¶¶ 41-43.  He confirms in his deposition that he has no criticism of the medical care provided to him.  Pl. Dep. 94.

judge accepts this Report and Recommendation, the original federal jurisdiction claims will be dismissed and the only remaining claim will be Plaintiff's state law claim for gross negligence. Title 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction ...." The Fourth Circuit has recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir.1995) (holding district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). See also, e.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the undersigned recommends that the district judge decline to retain jurisdiction over Plaintiff's gross negligence claim.

## V.    CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 17) be granted as to Plaintiff's federal causes of action and that the remaining gross negligence claim be remanded to the Florence County Court of Common Pleas.


    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 9, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**